IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-00293-09-CR-W-DGK |
| LESLIE LADON WALKER, | |
| Defendant. | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

**1. The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Teresa A. Moore, United States Attorney, and Bruce Rhoades, Assistant United States Attorney, and the defendant, LESLIE LADON WALKER ("the defendant"), represented by Lisa G. Nouri.

The defendant understands and agrees that this plea agreement is only between her and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to **Count One** of the third superseding indictment charging the defendant with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, that is, conspiracy to distribute more than 500 grams of methamphetamine.

Additionally, the defendant agrees to and hereby does plead guilty to **Count Two** of the third superseding indictment charging the defendant with a violation of 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i), (ii) and (h) that is, conspiracy to commit money laundering.

In addition, the defendant agrees to and hereby does plead guilty to **Count Four** of the third superseding indictment charging the defendant with a violation of 18 U.S.C. § 924(c)(1)(A)(i), that is, carry, possess, and use firearms during, in relation to, and in furtherance of, drug trafficking.

Finally, the defendant **admits the allegations of forfeiture**, which *also* include a **money judgment** to be entered against the defendant, all as contained in the third superseding indictment.

By entering into this plea agreement, the defendant admits that she knowingly committed these offenses, and is in fact guilty of these offenses.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offenses to which the defendant is pleading guilty are as follows:

Defendant Leslie L. Walker conspired with and assisted the Sparks Drug Trafficking Organization (DTO) in the Western and Eastern Districts of Missouri, by distributing methamphetamine and collecting drug proceeds and using those drug proceeds to promote the drug trafficking conspiracy and those actions occurred throughout those areas.

Between the dates alleged in the indictment, during two separate controlled evidence purchases of methamphetamine at Sparks' residence on Smart Avenue in Kansas City, Missouri, Walker was present and took an active role by taking custody of the Kansas City, Missouri, Police Department controlled substance buy money during and after the transactions. Additionally, Walker was present at Sparks' residence when multiple transactions occurred involving large distribution amounts of methamphetamine. Walker was routinely entrusted with collecting and tracking the Sparks DTO drug proceeds.

Walker, and others, were also tasked by the Sparks DTO with "baby sitting" at least two persons the DTO "detained" when they owed money to the DTO or were otherwise "detained" by the DTO.

Walker was aware other DTO members went to St. Louis, Missouri, in the EDMO, to attempt to track down Co-Defendant Richards after Richards stole a large amount of drug proceeds and a vehicle, both belonging to a DTO member. The DTO located two individuals they believed to allegedly have information about Richards' whereabouts. When these two, Brittney Broyles and James "Old School" Hampton, did not provide such information, the DTO believed they were refusing to provide such information. Therefore, some members of the DTO restrained Hampton and then began torturing him. Subsequently, the DTO decided to remove Hampton, and Broyles, and Hampton's vehicle, from St. Louis and bring them back to Kansas City, Missouri. Eventually, after returning to Kansas City, two members of the DTO, not Walker, took Hampton in the truck of a vehicle and burned the vehicle. It was later located within the WDMO, burned, with Hampton's burned body in the trunk. These same two later left a DTO location in the WDMO with Broyles. Broyles was later found by law enforcement in Kansas City, Missouri, murdered. Broyles was one of those Walker, and others, were tasked with by the DTO to "baby sit."

At various times during her association with the Sparks DTO, Walker had constructive possession of numerous and various firearms – some subsequently seized by law enforcement from various locations within the WDMO and the EDMO. While Walker did not proactively do so, she knew her constructive possession of those firearms allowed her, and others, to use said firearms to protect both the methamphetamine the DTO was trafficking and the proceeds from that trafficking.

3

Defendant acknowledges that while the information set out herein may not allege exact amounts of methamphetamine associated with the defendant, the amounts alleged herein, along with other statements and evidence in the case, are more than 5 kilograms of methamphetamine for which the defendant is responsible. The defendant further acknowledges the substances with which defendant was involved were in fact methamphetamine, Schedule II controlled substances and that her activities surrounding the distribution of these drugs was in concert with at least one other person and that more than one overt act in the drug trafficking conspiracy occurred within the Western District of Missouri, and during the dates alleged in the indictment.

Defendant additionally acknowledges that during the dates charged in the indictment, and at least partially within the Western District of Missouri, the defendant used or knew at least some of the proceeds obtained from defendant's drug distribution, and the distribution of others in the conspiracy, were used to pay living expenses, buy assets, and to purchase additional drugs for distribution. Defendant also acknowledges that she and other co-conspirators used cash during the conspiracy to conceal the nature of their illegal activities. Defendant additionally acknowledges that at least some acts committed in furtherance of the money laundering conspiracy were committed within the Western District of Missouri, during the dates alleged in the indictment.

Defendant further acknowledges that all the proceeds from all the drugs sold in the conspiracy, any use of proceeds, any items purchased with proceeds, or utilized in the conspiracy, or obtained through operation of the conspiracy, are subject to forfeiture. Additionally, defendant admits, agrees, and accepts that the facts herein, the drug price calculations contained within the indictment (adopted herein by the parties), and the drug level for which the Court ultimately holds defendant responsible, are the basis for the money judgment to be imposed against defendant pursuant to her admission of the allegations of forfeiture and the money judgment contained within the indictment.

Defendant additionally acknowledges that defendant, and others in the conspiracy of whom the defendant was knowledgeable with, in agreement with, and acted in concert with, all were in possession of, carried, or used firearms during and in relation to the drug trafficking conspiracy, and in furtherance of that conspiracy, with at least one act either occurring within the Western District of Missouri, or was related to acts that occurred with the Western District of Missouri, and during the dates charged in the indictment.

Additional evidence exists that may further implicate the defendant in these conspiracies and crimes. The defendant acknowledges that evidence was provided to defendant's attorney via discovery and the defendant has had an opportunity to review all the discovery with the attorney prior to signing this plea agreement and further acknowledges that evidence, and any additional evidence obtained prior to sentencing, may affect the ultimately determined drug responsibility level, enhancements, and ultimate sentence of the defendant.

The parties have agreed to a drug level *not less than* a drug level 32 and additionally to a guideline enhancement of two (2) levels because of defendant's guilty plea to the money laundering conspiracy. However, it is understood by the parties that the pre-sentence investigation report (PSIR / PSR), or the Court at sentencing, could assess a higher drug level of responsibility, and other enhancements or reductions, for the defendant, based on the evidence in

4

the case to date or that becomes known before sentencing. If a higher drug level or other enhancements or reductions are recommended by the pre-sentence investigation or found by the Court at sentencing, the parties are free to express their respective positions about that higher drug level or other enhancements or reductions at sentencing or in the PSR. However, the parties all agree that any necessary witnesses to support such positions will be limited to case agents, and the parties agree they will not require other witnesses to support such.

Finally, defendant acknowledges that case law and the U.S.S.G. allow the PSR and the Court at sentencing, in calculating defendant's drug responsibility and applicable sentence range, to use *either* methamphetamine mixture and substance *or* methamphetamine actual. Regardless of which method is used, and while the parties are free to argue their position on which method should be used, the parties are prohibited from filing objections about which method is used and the result of using either method.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands, and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement, and other facts admitted during the plea hearing, will be used for the purpose of determining defendant's guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands, and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charges to which defendant is pleading guilty.

5. **Statutory Penalties.** The defendant understands that upon pleading guilty to **Count One** of the third superseding indictment charging the defendant with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, that is, conspiracy to distribute more than 500 grams of methamphetamine, the minimum penalty the Court shall impose is ten (10) years' imprisonment, while the maximum penalty the Court may impose is not more than life imprisonment and not more than a $10,000,000.00 fine. In addition, that the Court shall impose not less than five (5) years of supervised release and this offense is a Class A felony.

The defendant additionally understands that upon pleading guilty to **Count Two** of the third superseding indictment charging the defendant with a violation of 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i), (ii) and (h) that is, conspiracy to commit money laundering, the maximum penalty the Court may impose is not more than twenty (20) years' imprisonment and not more than a $500,000.00 fine. In addition, that the Court shall impose not more than three (3) years of supervised release and that this offense is a Class C felony.

The defendant further understands that upon pleading guilty to **Count Four** of the third superseding indictment charging the defendant with a violation of 18 U.S.C. § 924(c)(1)(A)(i), that is, carry, possess, and use firearms during, in relation to, and in furtherance of, drug trafficking, the minimum penalty the Court must impose is five years imprisonment, *consecutive* to any other sentence imposed, while the maximum penalty the Court may impose is not more than life imprisonment, *consecutive* to any other sentence imposed, and not more than a $250,000.00 fine. In addition, that the Court shall impose not more than five (5) years of supervised release and that this offense is a Class A felony.

Finally, the defendant acknowledges that once the Court enters the forfeiture order to which the defendant is admitting, that admission and resulting order will forever remove any right, claim or interest the defendant may have to the property set out in the third superseding indictment, real and personal, and that thereafter, the defendant will have no ability to recover any part of said forfeited property and the defendant therefore agrees to make no effort, personally or through others, to regain possession of said property. The defendant additionally acknowledges that as part of the criminal forfeiture allegations admission, the Court will also enter a money judgment against the defendant, and any other defendants found liable for the forfeiture allegations, in an amount not to exceed $4,160,000.00. That amount is to be based upon the amount of the

Case 4:18-cr-00293-DGK   Document 614   Filed 08/11/22   Page 6 of 20

defendant's controlled substance responsibility ultimately determined by the Court at sentencing and the controlled substance value calculations contained within the third superseding indictment.[1]

The defendant understands that for each count of conviction the Court shall impose a $100 mandatory special assessment, which must be paid in full *prior* to sentencing in this case. Failure to *timely* pay said assessment could result in the Government seeking a continuance of the sentencing until it is paid OR, in the alternative, the Government can consider the failure to timely pay it as a violation of this plea agreement and seek to have this agreement voided.

6. **Sentencing Procedures.** The defendant acknowledges, understands, and agrees to the following:

   a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, and may impose any multiple sentences concurrently or consecutively;

   b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

   c. in addition to a sentence of imprisonment, the Court shall impose a term of supervised release of not less than five (5) years;

   d. if the defendant violates a condition of supervised release, the Court may revoke that supervised release and impose an additional period of imprisonment without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release;

---

[1] In part, the indictment states: ". . . a **money judgment of approximately $4,160,000.00** in United States currency, and any interest and proceeds traceable thereto, in that at least this sum, in aggregate, was received in exchange for, or is traceable thereto, the unlawful distribution of more than 520 kilograms of methamphetamine, based on an average street price of $8000.00 per kilogram." (emphasis in original)

7

    e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range and the Court may impose sentences concurrently or consecutively; [2]

    f. any sentence of imprisonment imposed by the Court will not allow for parole;

    g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

    h. the defendant may not withdraw this guilty plea solely because of the nature or length of the sentence imposed by the Court;

    i. the defendant agrees that the United States may institute civil, judicial or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that defendant will not contest any such forfeiture proceedings;

    j. the defendant agrees to forfeit all interests defendant owns or over which defendant exercises control, directly or indirectly, in any asset that is subject to forfeiture to the United States either directly or as a substitute for property that was subject to forfeiture but is no longer available for the reasons set forth in 21 U.S.C. § 853(p), including but not limited to the following specific property: *any firearms seized, and a money judgment in an amount to be based upon defendant's drug responsibility ultimately determined by the Court at sentencing and the drug value calculations contained within the third superseding indictment, but not to exceed $4,160,000.00.* With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution;

    k. the defendant agrees to take all necessary steps to comply with the forfeiture matters set forth herein before sentencing.

---

[2] The defendant acknowledges the Court *must* impose the sentence for Count Four *consecutive* to any other sentence imposed.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to the charges defendant has pled to herein for which it has venue and which arose out of the defendant's conduct described above, except as set out herein and in paragraph 15 below. As part of this plea agreement, the United States agrees to dismiss Count Six, as it applies to this defendant, following defendant's sentencing in this matter.

The defendant understands that the United States' agreement to forego prosecution of additional criminal offenses with which the defendant might be charged are based solely on the promises made by the defendant in this agreement and the limitations set out herein, including those in paragraph 15 below. If the defendant breaches any of the terms of this plea agreement, at any time after signing it, including after sentencing, the United States retains the right to proceed with the original charges and any other applicable criminal violations. The defendant expressly waives any right to challenge the initiation of the reduced, dismissed, or additional charges against defendant if defendant breaches this agreement. The defendant expressly waives any right to assert a statute of limitations defense if the reduced, dismissed, or additional charges are initiated against defendant following defendant's violation of any of the terms of this plea agreement. The defendant further understands and agrees that if the Government elects to pursue said charges against defendant following breach of this plea agreement, defendant will not be allowed to withdraw this guilty plea.

The defendant further understands that nothing in this plea agreement prevents any prosecution for any act of violence or commission of a sex crime or an attempted violent or sex crime act or a conspiracy to commit any violent or sex crime act. This plea agreement also does

9

not prevent prosecution of any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge at the time this plea agreement is signed. The defendant understands and agrees that if the Government files charges against defendant pursuant to one of these exceptions, defendant will not be allowed to withdraw this guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of defendant's criminal activities. The defendant understands these disclosures are not limited to the counts to which defendant has pleaded guilty.

The United States may respond to comments made or positions taken by the defendant, defendant's counsel, or anyone on defendant's behalf and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the defendant's guilty plea is entered, the defendant may only withdraw the plea of guilty if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant further understands that if the Court accepts defendant's plea of guilty and this plea agreement and subsequently

10

imposes any legal sentence that is outside the defendant's applicable Sentencing Guidelines range or a sentence that the defendant does not expect, like, or agree with, that will not permit defendant to withdraw these pleas of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

    a. The Sentencing Guidelines do not bind the Court and are advisory in nature; the Court may impose a sentence that is within, above, or below the defendant's ultimately determined Guidelines range; the Court may impose any multiple sentences to be served concurrently or consecutively.

    b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2D1.1, which provides for *not less than* a base offense level 32, but the parties reserve the right to address at sentencing the pre-sentence or Court determined drug level.

    c. The parties have agreed to a two-level U.S.S.G. enhancement for the guilty plea to Count Two, the money laundering conspiracy. The parties recognize there might be other specific aggravating or mitigating U.S.S.G. applications applicable to this defendant. However, the parties elect to address at the sentencing hearing any found by the pre-sentence report or Court and agree to be bound by the Court's determination following the sentencing hearing.

    d. The defendant appears to have admitted her guilt and accepted responsibility for her actions, and by timely notifying authorities of the intention to enter a plea of guilty has thereby permitted the Government to avoid preparing for trial and permitted the Government and the Court to allocate their resources efficiently. Therefore, the defendant appears entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines and the Government, at the time of sentencing, will make a motion with the Court to that effect unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and any pretrial release orders; or (2) attempts to withdraw this guilty plea; or (3) violates the law; or (4) otherwise engages in conduct inconsistent with an acceptance of responsibility.

e. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine the applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office.

f. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw this plea of guilty.

g. The United States agrees to request a sentence within the *final* United States Sentencing Guidelines range, after any enhancements or reductions are set by the Court at the sentencing hearing, plus any mandatory minimums or consecutive sentences. That request will be based on any good faith sentencing arguments not otherwise in conflict with agreements herein, or the law. The defendant agrees to request any reasonable sentence based on any good faith sentencing arguments not otherwise in conflict with agreements herein, or the law, plus any mandatory minimums or consecutive sentences. The sentencing argument agreements by the parties are not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including a sentence outside the applicable Guidelines range or a consecutive sentence.

h. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed and waives any right to have those facts alleged in the indictment. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay.

i. The defendant understands and agrees that the factual admissions contained in Paragraph 3 or other places within this plea agreement, and any admissions made during the defendant's plea colloquy, support the imposition of the agreed-upon Guideline calculations contained in this agreement.

12

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by defendant, or anyone on behalf of the defendant, at the sentencing hearing which might be inconsistent with the provisions of this plea agreement.

    b. comment on the evidence supporting the charges in the indictment.

    c. oppose any arguments and requests for relief the defendant, or anyone on defendant's behalf, might advance on an authorized appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence imposed, even if the Court chooses not to follow any recommendation made by the United States.

    d. oppose any authorized post-conviction motions.

    e. reinstate or file any charges in the event of a violation of this plea agreement, regardless of when that violation occurs.

13

Case 4:18-cr-00293-DGK   Document 614   Filed 08/11/22   Page 13 of 20

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that defendant has been advised of, understands, and knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty.

   b. The right to be presumed innocent until defendant's guilt has been established beyond a reasonable doubt at trial.

   c. The right to a jury trial, and at that trial, the right to the effective assistance of counsel.

   d. The right to confront and cross-examine the witnesses who testify against the defendant.

   e. The right to compel or subpoena witnesses to appear on defendant's behalf.

   f. The right to remain silent at trial, in which case that silence may not be used against defendant.

The defendant understands that by pleading guilty, she waives or gives up those rights and that there will be no trial. The defendant further understands that if she pleads guilty, the Court may ask questions about the offense or offenses to which defendant pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, those answers may later be used against defendant in a prosecution for perjury or making a false statement. The defendant also understands she has pleaded guilty to a felony offense and, as a result, will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

14

## 15. Waiver of Appellate and Post-Conviction Rights

a. The defendant acknowledges, understands and agrees that by her *unconditional* plea of guilty pursuant to this plea agreement she waives the right to appeal or collaterally attack a finding of guilt *or* denial of a motion to withdraw her guilty plea following the acceptance of her plea of guilty pursuant to this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives the right to appeal any sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" is a sentence imposed in excess of the statutory maximum. An "illegal sentence" is *not* a misapplication or miscalculation of the Sentencing Guidelines, an abuse of discretion, the imposition of an unreasonable sentence, or the imposition of a sentence the parties did not request or do not agree with. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

c. The defendant further acknowledges that if she violates the waivers set out in a. and b. above, the United States may re-instate or file any charges dismissed or not pursued as part of this plea agreement, regardless of any other language to the contrary in this plea agreement.

**16. Financial Obligations.** By entering into this plea agreement, the defendant states an understanding of and agrees to the following financial obligations:

a. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine or costs.

b. The defendant will fully and truthfully disclose all assets and property in which defendant has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing and are in force from the execution of this agreement until the defendant has satisfied the restitution or fine or costs order in full.

c. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

d. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets, restitution, fines, or costs.

e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to defendant to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of **$300.00** by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of fulfillment of this obligation at the time of sentencing.

g. The defendant certifies that no transfer of assets or property has been made for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that no such transfers will be made in the future.

h. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **Waiver of FOIA Request.** The defendant waives any and all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. **Waiver of Claim for Attorney's Fees.** The defendant waives all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19. **Defendant Will Surrender to Custody at the Plea.** The defendant understands that the crime to which she is pleading is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain the defendant after she pleads guilty to the offense. The defendant hereby agrees not to contest her detention immediately after the guilty plea, to surrender to the custody of the United States Marshals at that time, and to not attempt release from custody pending sentencing or transfer to the Bureau of Prisons following sentencing.

**20. Defendant's Breach of Plea Agreement.** If the defendant violates any conditions of release or fails to appear for sentencing or commits a new criminal offense before sentencing, or if the defendant, prior to or at sentencing, provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or breaches this plea agreement at any time after signing this plea agreement, including after sentencing, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty.

The defendant also understands and agrees that in the event this plea agreement is violated, at any time, including after sentencing, all statements or testimony made by the defendant to the United States Attorney's Office, law enforcement, a grand jury, or any court or tribunal, after the signing of this plea agreement, or any leads from such statements or testimony, shall be admissible against defendant in all criminal proceedings. The defendant waives any rights under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by defendant after this plea agreement is signed.

**21. Defendant's Representations.** The defendant acknowledges that she has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice, and approval of counsel. The defendant acknowledges that she is satisfied with the assistance of counsel, and that counsel has fully advised her of her rights and obligations in connection with this plea agreement, including the ramifications of violating this plea agreement after it is signed.

18

The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, or any written supplemental agreement submitted in-camera to the Court as part of this plea agreement, have been made by the United States, the Court, his attorney, or any other party to induce her to enter this plea of guilty.

22. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement as part of this plea agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

23. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether that party was involved in drafting or modifying this agreement.

24. **Article III Waiver.** The parties agree to conduct this guilty plea hearing before a magistrate judge if that becomes necessary. While this agreement hereby waives any rights the parties may have to conduct this guilty plea before an Article III judge, the defendant specifically further acknowledges they were informed by their attorney of their right to have this plea hearing conducted in front of an Article III judge. The defendant thereafter made this knowing and volunteer waiver of said right and therefore consents to this plea hearing being conducted before a magistrate judge, should that become necessary.

Dated: 8/11/22

Teresa A. Moore
United States Attorney

Bruce Rhoades
Assistant United States Attorney

I have consulted with my attorney and fully understand all my rights with respect to the offenses charged in the superseding indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and any statutory minimums. I have read this plea agreement and any written supplement to it and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 8/11/22

LESLIE LADON WALKER
Defendant

I am the attorney for defendant LESLIE LADON WALKER. I have fully explained her rights with respect to the offenses charged in the superseding indictment. Further, I have reviewed with her the provisions of the Sentencing Guidelines and any statutory minimum sentences applicable in this case. I have carefully reviewed every part of this plea agreement and any written supplement to it with the defendant. To my knowledge and belief, the decision by LESLIE LADON WALKER, to enter into this plea agreement is an informed and voluntary one.

Dated: 8/11/22

Lisa G. Nouri
Attorney for Defendant

20

Case 4:18-cr-00293-DGK   Document 614   Filed 08/11/22   Page 20 of 20